Carolyn Hunt Cottrell (SBN 166977)
Caroline Cohen (SBN 278154)
Andrew Weaver (SBN 318935)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
aweaver@schneiderwallace.com

***Attorneys for Plaintiffs, and the***
***Putative Class***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ERIC MCELROY, on behalf of himself and all others similarly situated,

        Plaintiffs,

vs.

GEORGIA-PACIFIC CORRUGATED LLC,

        Defendant.

Case No.

**CLASS ACTION COMPLAINT**

(1) Failure to Authorize and Permit Rest Periods Pursuant to Labor Code § 226.7;
(2) Failure to Make Available Meal Periods Pursuant to Labor Code §§ 226.7 and 512;
(3) Failure to Pay Minimum Wages Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1;
(4) Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226;
(5) Waiting Time Penalties Pursuant to Labor Code §§ 201-203; and
(6) Violation of California Business and Professions Code §§ 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff Eric McElroy brings this lawsuit against Defendant Georgia-Pacific Corrugated LLC ("Defendant" or "Georgia-Pacific") on behalf of himself and other individuals who have worked for Defendant as non-exempt employees and have been subject to Defendant's policies and practices (the "Class"). Defendant maintains a longstanding policy and practice of failing to properly provide or compensate non-exempt employees for meal and rest periods. These policies deny Plaintiff and putative Class members all wages owed and meal and rest periods that comply with California law.

## INTRODUCTION

1.     This is a class action complaint against Georgia-Pacific to challenge its longstanding policies and practices of failing to properly provide or compensate non-exempt employees for all hours worked and failure to provide legally-compliant meal and rest periods.

2.     Defendant violates California law by knowingly and willfully failing to authorize and/or permit Plaintiff and putative Class members to take all paid rest breaks and/or unpaid meal periods to which they are entitled by law.

3.     Plaintiff and putative Class members bring this claim to challenge Defendant's policies and practices of: (1) failing to authorize and permit Plaintiff and Class members to take rest breaks to which they are entitled by law; (2) failing to authorize and permit Plaintiff and Class members to take meal breaks to which they are entitled by law; (3) failing to pay all wages, including minimum wages, owed; (4) failing to provide Plaintiff and Class members accurate, itemized wage statements; (5) failing to timely pay Plaintiff and Class members full wages upon termination or resignation, and (6) violation of California's Business and Professions Code.

4.     Plaintiff Eric McElroy worked as a non-exempt, hourly employee for Defendant at its La Mirada warehouse location in California from February 2022 until June 2022. Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant in California employed from May 8, 2021 through the present. Plaintiff alleges Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the California Labor Code and the California Business and Professions Code.

5.     Plaintiff seeks to remedy the sweeping practices Defendant integrated into its time

tracking and payroll policies, that have deprived Plaintiff and putative Class members of their lawfully earned wages.

## **PARTIES**

6.      Plaintiff Eric McElroy is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles.  Plaintiff was employed as a laborer by Defendant at its La Mirada warehouse location in California from February 2022 until June 2022.

7.      The putative Class members are workers who are or who have been employed by Defendant as non-exempt employees, including but not limited to, Wet End Operators, General Laborers, Production Assistants, Machine Operators, Technicians, and other hourly employees throughout the State of California at any time from May 8, 2021 through the present.

8.      Plaintiff is informed, believes, and thereon alleges that Defendant Georgia-Pacific is a corporation headquartered in Georgia and registered to do business in California.  Georgia-Pacific may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

9.      Plaintiff is informed, believes, and thereon alleges that Defendant manufactures and distributes paper products, building products, and related chemicals throughout the United States, including in California. Plaintiff is informed, believes, and thereon alleges that Defendant employs putative Class members, among other employees, throughout the United States, including in California.

10.      As employers of Plaintiff and putative Class members throughout the relevant time periods, Defendant is liable for penalties for violating the Labor Code with respect to the employment of Plaintiff and putative Class members.

11.      At all material times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Class members in this judicial district. Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendant is also an "employer" as that term

is used in the California Labor Code and the IWC Wage Orders.

12.     In addition to Plaintiff, Defendant has employed numerous similarly situated employees, who like Plaintiff, are non-exempt employees engaged in interstate commerce.

13.     Defendant Georgia-Pacific Corrugated LLC, according to its website, manufactures and distributes tissue, pulp, packaging, building products and related chemicals and employ members throughout the State of California and in the United States.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the putative Class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the putative Class, on the one hand, and Defendant, on the other, are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant employs numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendant is subject to personal jurisdiction here. At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Central District of California judicial district.

## FACTUAL ALLEGATIONS

16.     Defendant manufactures and distributes paper, building products, and chemicals throughout the United States and California, including La Mirada, California. Defendant employs hundreds of similarly situated non-exempt workers across these facilities.

17.     Plaintiff worked at the Georgia-Pacific warehouse in La Mirada, California as a non-exempt laborer from February 2022 through June 2022.  Plaintiff was paid at an hourly rate of $20.00. While his shifts varied in length, Plaintiff typically worked approximately 8 hours per shift and 5 days per week, totaling 40 hours per week.

18.     Putative Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

19.     Putative Class members report to a facility owned, operated, or managed by Defendant to perform their jobs.

20.     Putative Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

21.     Putative Class members are required to follow and abide by common work, time, pay, meal and rest break policies and procedures in the performance of their jobs.

22.     At the end of each pay period, putative Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

23.     Defendant pays putative Class members on an hourly rate basis.

24.     As a matter of policy and/or practice, Defendant also fails to authorize and/or permit Plaintiff and putative Class members to take compliant rest breaks. Plaintiff alleges that he was required to take rest breaks off-the clock, and was not paid for his rest breaks. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all putative Class members throughout California.

25.     As a matter of policy and/or practice, Defendant also fails to provide Plaintiff and putative Class members the opportunity to take compliant meal breaks. Plaintiff alleges that he and putative Class members were often denied the opportunity to take timely meal breaks.

26.     Additionally, and beyond Defendant's failure to authorize or permit meal and rest breaks, Defendant adjusts Plaintiff and putative Class members' time records in order to avoid paying meal break premiums. Specifically, Plaintiff was told to report timely meal breaks in the timekeeping system and then Defendant would provide the actual meal period later in the shift beyond the fifth hour of work, but would not pay Plaintiff the required premium. Plaintiff alleges that this happened to other putative Class members as well.

27.     Plaintiff also alleges that Defendant failed to pay Plaintiff and putative class members all wages, including minimum wages, owed, including failing to pay for off-the-clock work performed

during meal periods. Plaintiff alleges that he and putative Class members were required by Defendant to work off-the-clock, including during meal periods, and were not paid for this time.

28.    Plaintiff is informed, believes, and thereon alleges that the same timekeeping system and practices are used across all Defendant's facilities.

29.    Defendant's common course of wage-and-hour abuse results in routinely failing to maintain true and accurate records of the hours worked by putative Class members. In particular, Defendant has failed to properly record the missed meal and rest breaks of Plaintiff and putative Class members as well as the time worked off-the-clock during meal periods.

30.    Defendant does not provide putative Class members, including Plaintiff, whose employment has ended, with full payment of all compensation owed at the end of their employment. As these workers are owed for unpaid minimum wages and premium pay when their employment ends, and these amounts remain unpaid under Defendant's policies and practices, Defendant fails to pay all compensation due upon termination. As a consequence, Defendant is subject to waiting time penalties.

31.    Defendant's method of paying Plaintiff and putative Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with California law.

32.    Defendant's conduct was willful, carried out in bad faith, and caused significant damages to non-exempt employees in an amount to be determined at trial.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

33.    Plaintiff Eric McElroy brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees, including but not limited to Wet End Operators, Production Assistants, Machine Operators, Technicians, Laborers, or other hourly employees employed by Defendant Georgia-Pacific Corrugated, LLC in California at any time from  May 8, 2021 through the final resolution of the action (the "Class" or "Class Members").

34.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily

ascertainable.

35.    **Numerosity:**  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of putative Class members exceeds forty. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the putative Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

36.    **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff Eric McElroy and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

a.  Whether Defendant fails to authorize and permit rest periods  to which the putative Class Members are entitled in violation of the Labor Code and Wage Orders;

b.  Whether Defendant fails to  make available, and/or provide the putative Class with timely meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

c.  Whether Defendant fails to pay all wages, including minimum wages, owed in violation of the Labor Code and Wage Orders;

d.  Whether Defendant fails to provide the putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

e.  Whether Defendant violates Business and Professions Code §§ 17200 *et seq*., by:

(a) failing to authorize and permit the putative Class to take rest periods to which they are entitled;

(b) failing to make available, and/or provide the putative Class with timely meal

periods to which they are entitled;

(c) failing to pay all wages, including minimum wages, owed to the putative Class to which they are entitled;

(d) failing to provide the putative Class members with timely, accurate itemized wage statements; and

(e) failing to timely pay the putative Class members for all wages owed upon termination of employment; and

f.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the putative Class as alleged herein.

37.   **Typicality:**  Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and the putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

38.   **Adequacy:**  Plaintiff Eric McElroy seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other putative Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the putative Class members.

39.   **Superiority:**   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class members is not practicable, and questions of law and fact common to Plaintiffs and putative Class Members predominate over any questions affecting only individual members of the putative Class.  The injury suffered by each putative Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that

1     is most efficient and economical for the parties and the judicial system.

2     40.     In the alternative, the putative Class may be certified because the prosecution of

3 separate actions by the individual members of the putative Class would create a risk of inconsistent or

4 varying adjudication with respect to individual members of the putative Class which would establish

5 incompatible standards of conduct for Defendant.

6     41.     Class treatment will allow those similarly situated persons to litigate their claims in the

7 manner most efficient and economical for the Parties and the judicial system.

8     42.     Plaintiff Eric McElroy knows of no difficulty that would be encountered in the

9 management of this litigation that would preclude its maintenance as a class action.

10     43.     Plaintiff Eric McElroy intends to send notice to all putative Class members to the extent

11 required under applicable class action procedures. Plaintiff contemplates providing a notice or notices

12 to the putative Class, as approved by the Court, to be delivered through the United State Mail. The

13 notice or notices shall, among other things, advise the putative Class that they shall be entitled to "opt

14 out" of the class certified for the action if they so request by a date specified within the notice, and

15 that any judgment on the action, whether favorable or not, entered in this case will bind all putative

16 Class members except those who affirmatively exclude themselves by timely opting out.

17

18                                       **FIRST CAUSE OF ACTION**
                        **Failure to Authorize and Permit Rest Periods**
                             **Pursuant to Labor Code § 226.7**

19 **(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

20     44.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

21 herein.

22     45.     Defendant regularly fails to make rest periods available to Plaintiff and Class members.

23 Plaintiff's and putative Class members' schedules regularly prevent them from taking rest periods

24 throughout the day. Plaintiff and putative Class members do not receive premium pay for their missed

25 breaks as required by California law.

26     46.     California Labor Code § 226.7 and the applicable Wage Order require employers to

27 authorize and permit employees to take ten minutes of net rest time per four hours or major fraction

thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

47.    Under California Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

48.    Despite these requirements, Defendant has often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the putative Class the ability to take the rest periods to which they are entitled. Defendant does not provide rest breaks while employees are on the clock. Defendant has also failed to pay Plaintiff and the putative Class one hour of pay for each rest period that they are denied.

49.    Defendant's conduct described herein violates California Labor Code § 226.7. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses and costs of suit.

50.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

51.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Make Available Meal Periods**
**Pursuant to Labor Code §§ 226.7 and 512**
**(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

52.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53.    Throughout the relevant time period, Defendant has operated under a policy and practice of failing to provide Plaintiff and putative Class members at least one half-hour meal period in which they are relieved of all duties after five hours worked, and a second meal period after ten hours of work, as required by IWC Wage Order No. 1-2001 and Labor Code §§ 226.7 and 512.

54.    Plaintiff and putative Class members were regularly expected to work during meal breaks, and/or take meal breaks late.

55.    Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal periods to their employees. Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

56.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

57.    Despite these requirements, Defendant has knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the putative Class the ability to take the timely, off-duty meal periods to which they are entitled. Defendant has also failed to pay Plaintiff and the putative Class one hour of pay for each off-duty meal period that they are denied. Defendant's conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

58.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

59.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

60.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197,

and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of fourteen dollars ($14.00) per hour commencing January 1, 2021, and fifteen dollars ($15.00) per hour commencing January 1, 2022.

61.    Defendant maintains, and have maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and putative Class members frequently work time off-the-clock during meal periods, which is time worked that is uncompensated.

62.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

63.    Wherefore, Plaintiff and putative Class members request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

64.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

65.    Defendant do not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

66.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

67.     IWC Wage Order 1-2001(7) establishes similar wage statement requirements.

68.     Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

69.     Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

70.     Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides its employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked or meal and rest breaks taken.

71.     Defendant is liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

72.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

/ / /

/ / /

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

73.    Plaintiff Eric McElroy re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.    Defendant does not provide the putative Class members with their wages when due under California law after their employment with Defendant ends.

75.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

76.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

78.    Plaintiff and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them compensation. This compensation derives from unpaid penalties for missed rest breaks.

79.    Defendant willfully refused and continue to refuse to pay Plaintiff and the putative Class members all the compensation that were due and owed to them, in the form of wages, and meal and rest period premium pay, upon the end of their employment as a result of Defendant's willful failure to provide putative Class members with payment for missed breaks or time worked off-the-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*McElroy, et al. v. Georgia-Pacific Corrugated LLC*

clock. As a result of Defendant's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including unpaid compensation, and interest.

80.    Defendant's willful failure to pay Plaintiff and putative Class members the compensation due constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and putative Class members for all penalties owing pursuant to Labor Code §§ 201-203.

81.    In addition, Labor Code § 203 provides that an employee's pay will continue as a penalty up to thirty days from the time pay was due. Therefore, the putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

82.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq*.
(On Behalf of Plaintiff and the Class Against Defendant Georgia-Pacific)**

83.    Plaintiff Eric McElroy re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

84.    The UCL, California Business and Professions Code § 17200, *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

85.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

86.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

87.    Beginning at an exact date unknown to Plaintiff, but at least since May 8, 2022, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of Labor Code §§ 226.7 and Wage Order 1-2001 pertaining to rest breaks;

b. violations of Labor Code §§ 226.7, 512 and Wage Order 1-2001 pertaining to meal breaks;

c. violations of Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1 pertaining to payment of wages;

d. violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

e. violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

88. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

89. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.* Among other things, the acts and practices have taken compensation from Plaintiff and the putative Class rightfully owed to them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

90. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

91. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative Class members have suffered a loss of money and property, in the form of unpaid compensation which is due and payable to them.

92. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the putative Class are entitled to restitution pursuant to Business and

Professions Code § 17203 for all payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

93.　　Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid compensation, declaratory and injunctive relief, and all other equitable remedies owing to them.

94.　　Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

95.　　Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class members, requests the following relief:

1.　　Damages and restitution according to proof at trial for all unpaid compensation, wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

2.　　For a declaratory judgment that Defendant violated the California Labor Code, California law, and public policy as alleged herein;

3.　　For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq.* as a result of the aforementioned violations of the California Labor Code;

4.　　For an equitable accounting to identify, locate, and restore to all current and former employees the compensation they are due, with interest thereon;

5.　　For an order appointing counsel for Plaintiff as class counsel for the Class;

6.　　For an order awarding Plaintiff and the Class members compensatory damages, including penalties owed, liquidated damages, and other employee benefits, restitution,

recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

7.     For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

8.     For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

9.     For all costs of suit;

10.    For interest on any penalties awarded, as provided by applicable law; and

11.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: December 16, 2022

  */s/ Andrew Weaver* _____
Carolyn H. Cottrell
Caroline Cohen
Andrew Weaver
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

***Attorneys for Plaintiff and the Putative Class***

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the Class are entitled to a jury.

Respectfully submitted,

Date: December 16, 2022

  */s/ Andrew Weaver* _____
Carolyn H. Cottrell
Caroline Cohen
Andrew Weaver
 SCHNEIDER WALLACE
 COTTRELL KONECKY LLP

***Attorney for Plaintiff and the Putative Class***